IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>  v.<br><br>STEVEN BRADLEY POWELL,<br><br>         Defendant. | Case No. 3:14-cr-00112-TMB<br><br>ORDER ON MOTION TO DENY<br>(DKT. 132) |

## I. INTRODUCTION

The matter comes before the Court on the United States' Motion for Order Denying as Untimely the Motion Under 28 U.S.C. § 2255, or, Alternatively, Allowing the Government Leave to Respond to Substance of Motion ( "Motion to Deny").[1] In the Motion to Deny, the Government argues that Defendant Steven Bradley Powell's Motion Under 18 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion")[2] was filed after the one-year statute of limitations period for such motions expired.[3] Defendant did not file a response to the Motion to Deny and neither Party has requested a hearing.[4] Therefore, the matter is ripe for resolution and for the reasons discussed below, the Motion to Deny is **GRANTED**. Accordingly, Defendant's § 2255 Motion is **DENIED**.

---

[1] Dkt. 132 (Motion).

[2] Dkt. 100 (Motion).

[3] Dkt. 132 at 3.

[4] Defendant, through counsel, preemptively addressed the timeliness issue raised by the Motion to Deny in an amended § 2255 motion. Dkt. 127.

1

## II. BACKGROUND

On June 29, 2015, Defendant pleaded guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled substances, in violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(A), and one count of Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h).[5] On January 5, 2018, the Court sentenced Defendant to 90 months of imprisonment on both counts, to be served concurrently, 25 years of supervised release on Count 1 and 3 years of supervised release on Count 2, to be served concurrently, and a $200 mandatory special assessment, and ordered Defendant forfeit his interest in the property to the United States as directed.[6] The written judgment was entered on January 10, 2018.[7] Defendant did not file a direct appeal of his conviction or sentence.

Defendant, appearing *pro se*, constructively filed the § 2255 Motion, together with a Motion for Appointment of Counsel and CJA 23 Financial Affidavit, on June 10, 2019.[8] The Court granted the Motion for Appointment of Counsel and counsel subsequently filed Notice of Appearance.[9] However, the Court later allowed counsel to withdraw and appointed new counsel.[10]

---

[5] Dkts. 31 (Minute Entry); 2 (Indictment).

[6] Dkt. 89 (Minute Entry).

[7] Dkt. 91 (Judgment).

[8] Dkts. 100; 101 (Motion); 102 (Financial Affidavit). Although the Court received the filings on June 12, 2019, Defendant signed and dated the § 2255 Motion "6-10-2019." Dkt. 100 at 13. Under Rule 3(d) of the Rules Governing Section 2255 Proceedings, an inmate filing is considered "filed" the date it is deposited with the institution's internal mailing system. Accordingly, the § 2255 Motion is deemed filed as of June 10, 2019. *See also Houston v. Lack*, 487 U.S. 266, 270 (1988) (establishing the "mailbox rule").

[9] Dkts 103 (Order); 104 (Notice of Attorney Appearance).

[10] Dkts. 110 (Minute Entry); 112 (Notice of Attorney Appearance).

On January 2, 2020, Defendant, through counsel, filed an Amended 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence and Memorandum of Law in Support (together, "Amended § 2255 Motion").[11] As a preliminary matter, Defendant concedes that his original § 2255 Motion was filed outside the statute of limitations but argues that equitable tolling applies in his case.[12] Defendant further acknowledges that the Court must first find that equitable tolling renders the § 2255 Motion timely before considering the merits of his grounds for relief.[13] As for the merits, Defendant raises two grounds for relief in the Amended § 2255 Motion. First, Defendant asserts an ineffective assistance of counsel claim because his trial counsel failed to consult with him regarding the filing of a notice of appeal and other post-conviction relief.[14] Second, Defendant argues that he was prejudiced by the Presentence Report's inclusion of an arrest for a sex offense that was not prosecuted.[15]

On February 27, 2020, the Government filed the Motion to Deny, which argues the Defendant fails to show he qualifies for equitable tolling.[16] Specifically, the Government contests that Defendant can meet either of the two elements for equitable tolling: (1) that he has been pursuing his rights diligently and (2) that he was prevented from filing by an extraordinary circumstance.[17]

---

[11] Dkts. 127 (Motion); 131 (Memorandum).

[12] Dkt. 131 at 5–8.

[13] *Id.* at 3.

[14] Dkt. 127 at 3–4.

[15] *Id.* at 4–5;

[16] Dkt. 132.

[17] *Id.* at 5–6.

3

The time to oppose the Motion to Deny has passed. As of the date of this Order, Defendant has not filed a response to the Motion to Deny or otherwise communicated with the Court regarding his case.

### III. LEGAL STANDARD

A one-year statute of limitations applies to § 2255 motions.[18] The limitations period begins running from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[19]

Accordingly, any § 2255 motion filed outside the limitations period is untimely unless the movant can show that equitable tolling applies.[20]

In turn, "the threshold to trigger equitable tolling is very high, lest the exceptions swallow the rule."[21] A movant is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[22] The first element requires the movant demonstrate "reasonably diligence, not

---

[18] 28 U.S.C. § 2255(f).

[19] *Id.*

[20] *United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004) (holding that the equitable tolling doctrine applies both § 2254 and § 2255).

[21] *Miranda v. Castro*, 292 F.3d 1064, 1066 (9th Cir. 2002).

[22] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

maximum feasible diligence."[23] The second element—"extraordinary circumstance"—presents a higher standard. The movant must assert that "extraordinary circumstances beyond a prisoner's control ma[de] it impossible to file a petition on time."[24] That is, the movant must show that the "extraordinary circumstances were the cause of his untimeliness."[25]

## IV. ANALYSIS

In this case, the Parties agree that the statute of limitations under § 2255(f)(1) applies and the one-year limitations period for Defendant's § 2255 motion began running on January 25, 2018, the date his time to appeal expired and the judgment of conviction became final.[26] Therefore, Defendant had until January 25, 2019, to file the § 2255 Motion. However, Defendant filed the § 2255 Motion on June 10, 2019, nearly six months after the limitations period expired. Therefore, the § 2255 Motion is untimely unless Defendant can demonstrate that equitable tolling applies in his case.

A. *Reasonable Diligence*

Defendant has failed to make the requisite showing of reasonable diligence to toll the statute of limitations. Defendant argues that he was diligent in filing the § 2255 Motion upon learning of the statute of limitations.[27] However, Defendant also concedes that he "did not seek legal advise [*sic*] until after the expiration of the time period to file a § 2255 motion."[28] Defendant

---

[23] *Holland*, 560 U.S. at 653 (internal quotations and citations omitted).

[24] *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003) (quoting *Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003)).

[25] *Spitsyn*, 345 F.3d at 800 (quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003)).

[26] *See* Dkts. 131 at 4; 132 at 3.

[27] Dkt. 131 at 5.

[28] *Id.*

5

states in his declaration, "I was not aware of the timing deadline until I called the Federal Defender's Office and spoke with Dan Poulson in Late May 2019."[29] Defendant does not aver that he made any attempts to contact his trial attorney following his January 2018 sentencing or that he attempted to research the filing requirements for a § 2255 motion between January 2018 and January 2019, the duration of the limitations period. Defendant fails to allege he attempted even the barest acts of diligence during the limitations period. Therefore, Defendant has failed to show the reasonable diligence required to justify equitable tolling.

B. *Extraordinary Circumstances*

Even assuming Defendant satisfies the diligence prong, Defendant fails to show that extraordinary circumstances caused his untimeliness. Defendant argues that because his trial attorney failed to advise him about the timing to file an appeal and § 2255 motion, counsel's failure constitutes extraordinary circumstances to warrant equitable tolling.[30]

> "[A]ttorney conduct compromising the filing of a timely federal habeas petition can constitute the requisite 'extraordinary circumstance' in some circumstances but not others. *Holland* held that 'garden variety claims of excusable neglect'—such as simple miscalculation of time limits—'do not constitute an extraordinary circumstance. But attorney misconduct can be so egregious as to create an 'extraordinary circumstance,' justifying equitable tolling"[31]

Indeed, the Ninth Circuit has repeatedly found that, despite a defendant's detrimental reliance, the attorney's miscalculation and negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling.[32] The Circuit has also recognized cases where

---

[29] Dkt. 129 at 1 (Declaration).

[30] Dkt. 127 at 1–2. *See also* Dkt. 131 at 6–8.

[31] *Gibbs v. Legrand*, 767 F.3d 879, 885 (9th Cir. 2014) (internal quotations omitted).

[32] *Spitsyn*, 345 F.3d at 799 (citing *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *Miranda*, 292 F.3d at 1068).

attorney misconduct was sufficiently egregious to constitute extraordinary circumstances.[33] To be clear, this is not a case where Defendant was ill-advised or abandoned by his attorney. Rather, Defendant's attorney altogether failed to advise him of postconviction relief options and the relevant deadlines.[34] This failure to advise may constitute ineffective assistance of counsel.[35] However, ineffective assistance of counsel does not necessarily rise to a standard of extraordinary circumstance and the attorney's failure here is not so egregious as to justify equitable tolling.

Furthermore, Defendant does not establish that his attorney's failure to advise was the but-for cause of his late filed § 2255 Motion. Defendant argues that "trial counsel's failure to consult . . . deprived [him] of the information necessary to permit him to decide if he wanted to appeal, or not."[36] Defendant does not contend that the attorney's failure made it "*impossible* to file a petition on time."[37] Instead, Defendant demonstrated that he was able to seek legal advice—by calling the Federal Defender's Office—and file a § 2255 motion on his own. The causal link between the attorney's failure and the late filing is therefore disrupted by Defendant's own inaction. The § 2255 Motion was filed late because Defendant did not pursue postconviction relief any sooner.

---

[33] *See Spitsyn*, 345 F.3d at 801 (counsel was retained a full year before the § 2255 filing deadline and completely failed to prepare and file a petition despite multiple contacts by defendant and his mother, and, counsel retained defendant's case file for the duration of the limitations period despite defendant's request that it be returned). *See also Gibbs*, 767 F.3d at 887 (counsel guaranteed he would forward updates regarding defendant's direct appeal in order for defendant to file for habeas relief but counsel failed to communicate with defendant for years despite defendant's repeated efforts to contact him, including lodging a complaint with the state bar).

[34] Dkt. 128 at 1 (Declaration).

[35] *United States v. Fabian-Baltazar*, 931 F.3d 1216, 1218 (9th Cir. 2019).

[36] Dkt. 127 at 2.

[37] *Spitsyn*, 345 F.3d at 799 (quoting *Brambles*, 330 F.3d at 1202).

Consequently, Defendant cannot show that extraordinary circumstances prevented him from filing the § 2255 Motion on time and, therefore, equitable tolling is not warranted.

## V. CONCLUSION

Accordingly, the Motion to Deny at Docket 132 is **GRANTED**. Because Defendant's § 2255 Motion is untimely and equitable tolling does not apply, the § 2255 Motion at Docket 100 and Amended § 2255 Motion at Docket 127 are **DENIED**.

## VI. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") is required to appeal a motion brought under 28 U.S.C. § 2255. Under the Federal Rules Governing § 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Where a movant makes "a substantial showing of the denial of a constitutional right," a COA should be issued. This standard requires that the movant "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further."

Defendant's § 2255 Motion does not meet this standard. Defendant has failed to argue that he demonstrated the requisite due diligence and extraordinary circumstances prevented him from filing the § 2255 Motion before the statute of limitations expired. Therefore, Defendant is not entitled to equitable tolling; his § 2255 Motion is untimely and must be denied. Accordingly, the Court declines to issue a certificate of appealability in this action.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 2nd day of June, 2020.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE